## Case No. 12,609.

### SEDAM et al. v. WILLIAMS et al.

[4 McLean, 51.] [1]

Circuit Court, D. Michigan. June Term, 1845.

JUDGMENT — MERGER—EQUITY—IN AID OF LAW—NEGLIGENCE—PARTNERSHIP—MORTGAGE.

1. When a judgment is obtained against one of two partners on a joint promise, the contract is merged in the judgment; and an action at law can not be maintained against the partners on the same ground.

2. Where a party has lost his remedy, through negligence at law, chancery will not aid; but where such remedy has been lost by accident, or

[1] [Reported by Hon. John McLean, Circuit Justice.]

otherwise, except by negligence, chancery will aid.

[Cited in U. S. v. Ames, 99 U. S. 47.]

3. Where one partner sells to another, who binds himself to appropriate the goods on hand, to the payment of the debts of the firm, the assignee becomes a trustee to the creditors and the late partner, for the faithful performance of the trust.

[Cited in Smith v. Dennison, 101 Ill. 550.]

4. It is immaterial whether the bill in form be a creditor's bill, if it contain upon its face matter for relief.

5. A debtor of the judgment debtor, if he agree to pay the judgment creditor, may be decreed to make the payment.

6. A mortgage can not be split up into different suits, on the different tracts of land mortgaged; yet if one or more of such tracts have been sold by a prior mortgage, or if the mortgagor have no title to such tracts, they may be omitted in the bill to foreclose.

In equity.

Seaman, Douglass & Walker, for complainants.

Manning, Hunt & Watson, for defendants.

OPINION OF THE COURT. The bill in this case states that Williams and Hodges were partners, and that B. O. Williams purchased goods of plaintiff in his own individual name for the firm. That Williams sold out the goods to Hodges, who agreed out of the proceeds thereof, to pay the debts of B. O. Williams, contracted in the purchase of the goods, including plaintiff's debt. That Hodges gave a bond in the penalty of sixty thousand dollars, and a mortgage, to secure the payment of said debts. The bill is filed in behalf of the creditors of the late firm, to foreclose the mortgage, etc. A judgment was obtained by the complainants against B. O. Williams. The defendants demurred to the bill, and assigned various grounds as cause of demurrer, which will be considered.

It is first alleged that the complainants can not sustain their bill on the ground of the co-partnership. 1st. Because the judgment against B. O. Williams has not taken away the legal remedy of the complainants against Hodges and Williams, as co-partners. Sheeley v. Mandeville, 6 Cranch [10 U. S.] 253. 2d. Admitting the legal remedy against Hodges to be extinguished by the judgment, the complainants are not entitled to any relief in equity against Hodges on that account. It was through their own negligence, and not any fraud on the part of Hodges, or either of the other defendants, that they lost their remedy at law against him, and equity will not give relief in such a case. Penny v. Martin, 4 Johns. Ch. 566.

The first ground was undoubtedly sustained in the case cited from 6 Cranch, 253 [supra]. That case has not been overruled by the supreme court; but it would seem to be impossible to sustain it on general principles. That a judgment against one of two joint promisers, or persons equally bound to pay the debt sued for, both being sued, merges the debt, is

a principle sustained generally, except in the above case. Had the note been joint and several, and the suit been commenced against one only, and a judgment obtained against him, another action might be brought against the co-promiser. But, whether the Case of Mandeville be law or not, the bill is not objectionable on that ground.

On the second ground, it is supposed, that if the right at law against Hodges be extinguished, by the judgment against Williams, that is no ground on which chancery can give relief. It may be admitted, as ruled in the case of Penny v. Martin, that where a party has lost his remedy at law by negligence, chancery will not aid him. But the remedy sought against Hodges, did not exist as against Williams. The bill seeks to foreclose the mortgage given by Hodges, and subject the property covered by it, to the payment of the debts of the firm. This, if not a new liability, is a new security, for the payment of those debts, and it can only be applied, as intended by·the parties, by a court of equity. No procedure at law against Williams and Hodges, could effectuate this object.

It is contended that the bill can not be sustained on the ground that Hodges is a trustee for the creditors of the co-partnership. In support of this position, it is insisted, that no case can be found in which a court of equity has declared a debtor to be a trustee for his own creditors, and sought to charge him with the payment of his debts in this new character, 'aside from his legal liability. Hodges, it is said, was equally bound with Williams for the payment of complainant's debt, when he purchased out Williams's interest in the co-partnership; and when he afterwards gave the bond and mortgage. That the judgment was not obtained against Williams, until nearly two years after the bond and mortgage were executed. It is true that Hodges was equally liable with Williams, for the payment of the debts of the partnership. But by his contract with Williams, he bound himself, out of the proceeds of the goods received, to pay the debts of the firm. Does not this constitute a trust? If Hodges were about to appropriate the goods in any other manner, and for any other purpose, than to pay the debts of the partnership, could not Williams restrain him by injunction? Could not the creditors of the firm restrain him? It was upon the condition of the faithful application of the proceeds of the goods to the payment of these debts, that the goods were placed under the control of Hodges. The mortgage was given to secure the faithful performance of this contract. And those who are beneficially interested in the contract, may enforce the mortgage. Bleeker v. Bingham, 3 Paige, 249; 1 Johns. Ch. 82; 3 Johns. Ch. 261; 2 Story, Eq. Jur. §§ 1041–1044. As the bond and mortgage were intended to secure the payment of certain moneys to the complainants and other creditors of Williams, and not directly to him, he may be considered in equity as a trustee

of the bond and mortgage for the complainants and others. It was held, in the case of Hook v. Kinnear, 3 Swanst. 417, that a person not a party to a contract, nor privy to it, but for whose benefit a third person had entered into it, could file a bill in equity for a specific execution of it. [Russell v. Clark] 7 Cranch [11 U. S.] 69; 1 Johns. Ch. 129; 7 Paige, 627.

It is insisted, that the bill can not be sustained as a creditor's bill, as it does not show that the remedy at law has been exhausted. An execution on the judgment against Williams was returned no property found, as required. As to the character of this bill, it is not material, if it embody principles which show that the complainants are entitled to relief. It is not, technically, a creditor's bill. On the supposition that this is a creditor's bill, it is objected that it can not be sustained against the defendant Hodges and Gardner D. Williams. And the decision of Chancellor Sanford is cited in Donovan v. Finn, Hopk. Ch. 85, where he says "the court has no power to compel the debtor of a judgment debtor to make payment to the judgment creditor, in satisfaction of the judgment." And it is argued that Hodges is a debtor to B. O. Williams to the extent of the bond and mortgage, but the defendant, Gardner D. Williams, is not a debtor of B. O. Williams in any amount. Whether a debtor of a judgment debtor can be decreed to pay the judgment creditor, must depend upon the character of the contract out of which the indebtment arises. If the debtor bound himself to pay the judgment creditor, he would be decreed to pay him. Or if the contract to that effect were made with the judgment debtor, the principle stated in the above case will admit of qualification.

The complainants' bill is alleged to be multifarious, as it seeks to have the judgment at law satisfied out of a chose in action, the bond and mortgage; and also asks a foreclosure of the mortgage. Coop. Eq. Pl. 182, 183; Swift v. Eckford, 6 Paige, 22; Salvidge v. Hyde, 1 Jac. 151. It is a matter of difficulty to lay down any rule by which a bill shall be considered multifarious. But, we think the present bill is not subject to this objection. The claim of the complainants and the other creditors can be satisfied out of the mortgage only, by a foreclosure and a sale of the premises.

The bill prays a foreclosure of the mortgage, except lot ninety-six and a part of lot ninety-seven; and this, it is said, is good on demurrer. A bill, it is said, must apply to the whole, and not to a part, of the mortgaged premises, because it would multiply litigation. Coop. Eq. Pl. 184; Mitf. Eq. Pl. 183. It may be that the mortgagor had no title to lot ninety-six, and a part of lot ninety-seven. It is true that a party would not be permitted to file several bills, to foreclose different parts of the same mortgage. That would be an abuse which the court would correct. In general, such a procedure might be favorable to the mortgagor; especially if the property would be likely to sell for more than the mortgaged debt. The bill shows that the above lots have been sold under a prior mortgage.

It is objected that the bill is filed by the complainants, on behalf of themselves and all other judgment creditors of the defendant O. B. Williams, when it does not appear from the bill that there are any other judgment creditors. And it is said to be good ground of demurrer to the whole bill, that a person who has no interest in the controversy, and has no equity as against the defendant, is improperly joined as a party complainant. Clarkson v. De Peyster, 3 Paige, 336; King of Spain v. Justo De Machado, 4 Russ. 225; 3 Cond. Eng. Ch. 643. This may be good law, but its application to the case is not perceived. The argument used is, "if a complainant who has an interest in a suit, can not unite with him one who has no interest; it would seem to follow that he could not file a bill in behalf of himself and others, without showing there are others interested in the subject matter of the suit." The bill, by the general designation of judgment creditors of the firm, leaves no uncertainty as to the persons who may come in and claim a due proportion, under the sale of the premises. Where parties are very numerous, a part of the persons in interest may prosecute for the benefit of the whole. In their decree, the court will make the proper distribution of the money.

The objection that the citizenship of the defendants is not sufficiently alleged, is not sustainable. In the bill they are alleged to be residents, but in the subpœna they are stated to be citizens.

The demurrer is overruled, and the defendants are required to answer, etc.