## CONROY v. WOODS.*

*Twelfth District Court, for San Francisco Co., Sept. T., 1857.*

### PARTNERSHIP PROPERTY.

*A. B. and C.*, being partners, the two latter sold their interest to *D.*, *subject to the partnership debts. D.* subsequently sold to *A.* The individual creditors of *A.* attached the property, and afterwards the partnership creditors attached the same, obtained judgment and issued execution, enjoining the proceeds of the sale in the hands of the sheriff. They then filed a bill of intervention. *Held,* that in the hands of *A.* the property remained subject to the payment of the partnership debts, and to the liens acquired by the partnership creditors.

*It seems* that *A.* is in the nature of a *quasi* trustee of the partnership property as to the shares of *B.* and *C.*, for the partnership creditors.

A distribution of the proceeds of the property attached may be decreed without a general account of the copartnership affairs being first taken.

The material facts are referred to in the opinion.

*C. V. Grey* and *J. Simpson*, for plaintiff.

*G. F. & W. H. Sharp*, for defendants.

*Joseph Simpson*, for plaintiff, argued,

*First.* The sale from *Brooks* and *Moore* to *Bell*, dissolved the partnership, but left the property as before, subject to the partnership

---

* 1 Cal. D. C., 190.

debts. The purchaser received only the interest of the vendors in the surplus after the partnership accounts should have been settled ; and as *Bonney* had a lien upon the assets for the purpose of their application to the partnership debts, *Bell* could do nothing inconsistent with the primary duty of winding up the affairs of the partnership. *Kent's Comm.*, 59, 60, 63 ; *Story on Part.*, §§ 307, 308, 261 and note ; *Collyer on Part.*, §§ 110 (and note), 121, 125, 127, 166 ; *Marguand* v. *N. Y. manufacturing Co.*, 17 *Johns.*, 525 ; *Nicoll* v. *Mumford*, 4 *Johns. Ch.* 522 ; *Rodriguez* v. *Heffernan*, 5 *Johns. Ch.* 417, 428 ; *Crowshay* v. *Maule, Swanst.* 507.

*Second.* The dissolution caused by the sale to *Bell* by *Brooks* and *Moore* was only as regards the partners, and the subsequent transfer to *Bonney* by *Bell*, could not make the property his individual property without a notice of the dissolution of the partnership, and subsequent notorious possession of the goods by the surviving partner, and his receiving credit on the strength of that apparent ownership. *Ex parte Ruffin*, 6 *Ves.* 119 ; *ex parte Tell*, 10 *Ves.* 347 ; *ex parte Williams*, 11 *Ves.* 3. See also *Collyer on Part.*, § 884 ; *Story on Part.*, §§ 159 to 163, 308 ; 3 *Kent's Comm.*, 66, 67 ; *Bissett on Part.*, 71 ; *Gow on Part.*, 261 ; *Johnson* v. *Totten*, 3 *Cal.* 347.

*W. H. Sharp*, for defendant, Woods.

*First.* The pleadings and proofs do not show a case of equitable cognizance for the reasons

1. That the right of *Bonney, Brooks & Moore* to this specific property has never been admitted by *Woods ;* consequently that *right* must be adjudicated upon, and can only be done by an action at law.

2. If partnership property, the pleadings and proofs show a trespass by *Woods* and *Scannell ;* hence plaintiffs, or rather the copartners of *Bonney*, had a complete remedy at law. *Waddell* v. *Cook*, 2 *Hill* 47, and particularly note a.

3. A creditor at large of a partnership has no right to come into equity and restrain a creditor of an individual member of the firm from selling under execution such member's interest in the copartnership property. The copartners themselves have no such right.

*Moody* v. *Payne*, 2 *Johns. Ch.*, 548; *Phillips* v. *Cook*, 24 *Wend.*, 389; *Walsh* v. *Adams*, 3 *Denio*, 125 and 128. In this State this is fixed by statute. *Practice Act*, § 217 and 220. The case of *Meyer* v. *Larkin*, (3 *Cal.* 403) concedes this proposition.

4. The complaint does not pretend that plaintiffs have any equitable lien that the copartners do not have, nor does it pretend to be for the benefit of *all* the creditors. As creditors of the firm, they are compelled to work out any equity as such through the partners in an action to dissolve the partnership and obtain an account. This doctrine is recognised in *Nugent* v. *Locke*, 4 *Cal.* 318. If this bill had this object, it could not be sustained, because the title to the property is not admitted. *Mason* v. *Tipton*, 4 *Cal.* 276. Plaintiff acquired no lien on the property by attachment, because, *first*, the property was already in the custody of the law; and *second*, it was void in itself. *Practice Act*, §§ 125, subdiv. 2, 129.

*Second.* Conceding that this action is one of equitable cognizance, when *Woods'* attachment was levied, this property, by the several bills of sale and the delivery of the property itself, became the individual property of the debtor in that action, because,

I. Creditors of a partnership have no lien, *as such*, upon partnership effects. *Ex parte Ruffin*, 6 *Ves.* 127.

II. The sale by *Brooks & Moore* to *Bell* dissolved the partnership. *Marguand* v. *N. Y. Manufacturing Co.*, 17 *Johns.*, 525; *Moody* v. *Payne*, 2 *Johns.* 548; 3 *Kent's Comm.*, 65.

III. By invoking the clause in the bill of sale, "subject to the partnership debts," the plaintiffs must let go their hold upon any pretended lien arising from their being copartnership creditors. They must admit the right of him claiming under it.

*Third.* If then, plaintiff had any lien whatever, it must be by force of the bill of sale. They certainly had none under it, because,

I. There was no mutuality between the parties to it and plaintiff, nor any privity between *Bell* and plaintiffs.

II. The clause " subject to the partnership debts," was inserted to fix who were to pay the debts as between the parties to that bill of sale. The only legal interpretation it can receive is, that it is a covenant on the part of *Bell* with *Brooks & Moore*, to pay those debts.

Under it *Brooks & Moore* can compel *Bell* to pay them, or their creditors, through them can do so. But it will not be seriously contended that any creditor of the firm can sue *Bell* directly for a debt under it. How then can any creditor have a direct and specific lien under it?

III. If they had a lien, how could plaintiff issue an attachment? *Practice Act*, § 120.

*Fourth.* If plaintiff had a lien by force of the bill of sale it was void as to *Woods. Wood's Cal. Dig.* 107, *art.* 403.

NORTON, J.—The proofs taken in this action sustain the material allegations of the complaint, and the final decree must be governed by the principles announced in deciding the motion to dissolve the injunction and the demurrer to the complaint. The sale of *Brooks* and *Moore* to *Bell*, was of their interest in the copartnership property of the firm of *Bonney, Brooks & Moore*, subject however, to all its, the said firm's legal liabilities. This same interest was then transferred to *E. B. Bonney*, in whose hands the property in question was attached by the contesting parties in this suit. It is not material to consider whether the equitable right of copartnership creditors to be paid out of the copartnership property in preference to the individual creditors, is wholly founded upon the equities existing between the partners, or is a distinct right of the creditors to be enforced in equity after they have acquired a lien by seizure of the property. Practically the relief in equity is given upon the application of the creditors after their rights have matured. While the copartnership continues and before a specific lien has been acquired, the partners by mutual agreement may make any *bona fide* disposition of their property. *Greenwood* v. *Brodhead*, 8 *Barb.* 593, and *Story Eq. Jur.*, §1253. But in this case no such mutual agreement to apply this property to the payment of *Bonney's* individual creditors has been made. On the contrary, it is only the remaining interest or surplus after the firm debts are paid which *Brooks* and *Moore* sold. It is their equity as well as that of their creditors which will be worked out by this action. In truth *E. B. Bonney* might be treated as a trustee for these creditors as to the shares of *Brooks* and *Moore*, under the authority of the case of *Sedam* v. *Williams*, 4 *McLean* 51. The

propriety of interfering before the property has passed into the hands of purchasers at the sheriff's sale, and of making an equitable distribution of the proceeds instead of following the property in the hands of the purchasers, is asserted by Mr. *Story* on obvious reasons, 1 *Story Eq. Jur.* §678, and is sanctioned by the practice of the courts. *Washburn* v. *Bank of Bellows Falls,* 19 *Vermont* 278; *Place* v. *Sweetzer,* 16 *Ohio* 142; *Snodgrass* v. *Appeal,* 13 *Penn.,* 471. The distribution of the proceeds of the particular property attached without taking a general account of the copartnership affairs is sanctioned by the case of *Washburn* v. *Bank of Bellows Falls,* 19 *Vermont* 278.

There must be a decree for the distribution of the fund between the plaintiffs and the intervenors *pro rata* in proportion to their respective debts, and the surplus, if any, first to the defendant *Woods,* and then, to defendant *E. B. Bonney.*