UNION RAILROAD AND TRANSPORTATION CO., Respondent, *vs.* EDWARD TRAUBE, Appellant.

1. *Carrier—Action for loss of goods—Value to be determined how, as to time and place.*—In an action against a common carrier for loss of goods, whether the action be *trover, assumpsit* or *case* the measure of damages is their value at the time of conversion, and, *semble,* that they are to be valued at the place of destination.

2. *Trover—Measure of damages—Counter-claim—Former recovery.*—In suit by an express company for charges of transporting certain tierces of rice from New York to St. Louis, defendant alleged the loss by the company of a part of the goods, and set up a counter-claim for the premium commanded by the rice in the St. Louis Market over that in New York at the date of loss. It appeared that defendant had sued the company in trover for the lost goods, but it did not transpire whether evidence touching the difference in price was adduced, or any instruction on that point given. The verdict was for the cost price of the rice in New York. From the verdict no appeal was taken. The court held, 1st, that although the action was *trover* the subject matter of the counter-claim was fairly involved in the former suit; 2nd, that, *prima facie* there was evidence relating thereto ; 3rd, that at all events it was properly admissible, and that the counter-claim was barred by judgment therein, and could not be set up in the suit by the company.

3. *Former recovery, when bars second suit—Form of action immaterial.*—A judgment not appealed from is conclusive against a second suit for the same cause of action. And it is immaterial what was the form of the action. Thus, a judgment in *trover* is a bar to *assumpsit* for the same goods.

4. *Judgment concludes parties as to cause sued on, although given for only part of the demand.*—A judgment concludes the rights of the parties as to the cause of action stated in the pleadings upon which it was rendered, whether it includes the whole or only a part of the demand sued upon, on the ground that the claim, whether arising upon a contract or a wrong, cannot be split up into several actions.

5. *Suit on several claims arising out of the same contract—Suit on last of several will bar the remainder, when.*—Where several claims payable at different times arise out of the same contract or transaction, separate actions may be brought as each liability accrues, but in such case it has been held that if no action is brought until more than one are due, all that are due must be included in one action. And if an action is brought when more than one claim is due, a recovery in that suit will bar a second action brought to recover the other claims that were due when the first suit was brought.

*Appeal from St. Louis Circuit Court.*

*Slayback & Hæussler,* for Appellant.

The agreed case shows that the present counter-claim was not an issue, and the merits of it not disposed of in the'

| | |
|---|---|
| 59 | 355 |
| 36a | 399 |
| 38a | 515 |
| 59 | 355 |
| 42a | 164 |
| 59 | 355 |
| 44a | 414 |
| 59 | 355 |
| 49a | 209 |
| 59 | 355 |
| 59a | 27 |
| 59a | 652 |
| 60a | 392 |
| 60a | 397 |
| 59 | 355 |
| 126 | 497 |
| 59 | 355 |
| 130 | 49 |
| 59 | 355 |
| 69a | 320 |
| 59 | 355 |
| 141 | 258 |
| 59 | 355 |
| 147 | 643 |
| 59 | 355 |
| 82a | 612 |
| 82a | 613 |
| 59 | 355 |
| 84a | 287 |
| 59 | 355 |
| 87a | 419 |
| 59 | 355 |
| 92a | 3257 |
| 92a | 4257 |
| 59 | 355 |
| 96a | 4614 |
| 100a | 1688 |

former suit, and hence the prior judgment is no bar. (2 Phil. Ev., 17, 18 [Cow. & Hill, notes 261] ; *Id.*, 4 ; 2 W. Black, 827 ; 3 Wils., 304 ; Goodson vs. Smith, 2 Moore, 157 ; Seldon vs. Tutop, 6 T. R., 607 ; Thorpe vs. Cooper, 5 Bing., 129 ; Hadley vs. Green, 2 Tyrw., 390; Davenport vs. Hubbard 45 Vt., 200 ; 43 Vt., 410 ; Snider vs. Croy, 2 Johns., 227 ; Phillips vs. Berrick, 16 Johns., 136 ; Hale vs. Andrews, 6 Cow., 225 ; Wheeler vs. Van Honten, 12 Johns., 311–313 ; Coleman's Appeal, 62 Penn. St., 252.)

The former suit only decided that Traube owned the rice. It embraced no charge against the carrier for damages arising from failure to deliver the rice in St. Louis according to his contract.

The counter-claim could not have been set up in that suit, as *trover* is founded on tort, and the counter-claim is founded on contract. (1 Ch. Pl., 476, 489–499.) Actions in form *ex contractu* cannot be joined with those *ex delicto*. (1 Ch. Pl., 134, 138.) *Trover* and *assumpsit* cannot be joined. (*Id.*, 199, n. 4.) It should be borne in mind that the *trover* suit was brought against the company as a trespasser regardless of any contract. Hence from the nature of the former action the counter-claim cannot be barred. (2 Pars. Cont., 238 ; Campbell vs. Butts, 3 Comst., 173 ; Wadleigh vs. Veasie, 3 Sumn., 165 ; 2 Sm. Lead. Cas., 783–6 ; Doty vs. Brown, 4 N. Y., 71.)

Even could the counter-claim have been set up as matter of law, the question here is, whether in fact it was set up. If not, judgment in that case cannot bar its recovery now. (2 Pars. Cont., 235 ; 15 N. H., 9 ; 20 How. State Tr., 538 ; 3 Wood & M., 236 ; 3 Comst., 173 ; Emp. Transp. Co. vs. Boggiano, 52 Mo., 294.)

The plaintiff's position in regard to this counter-claim is virtually this—that because plaintiff was convicted in *trover* of converting a part of the property transported, therefore this defendant has no claim under the contract, and plaintiff, by having done the wrong, as to the conversion, can take advantage of that wrong to evade all responsibility to defendant for the breach of contract.

The action in *trover* satisfied plaintiff for the act of converting the rice at its cost value. The counter-claim propounds indemnity to defendant for plaintiff's failure to deliver the goods here in St. Louis, in pursuance of the plaintiff's contract as carrier. If defendant should set up a claim for the rice itself, he would be asking something already awarded to him in the former litigation. But the contract had a value. The contract, if valid and enforcible, entitles Traube to have that rice put down at St. Louis, or, to such damages as necessarily befall defendant in consequence of this breach of the contract, in failing to deliver the rice in St. Louis. The plaintiff was not only guilty of conversion. Subsidiary to this it broke its undertaking to deliver the goods here. And the referee estimates this damage at $665.00 yet denies it to Traube. For this Traube has had no allowance, and is surely entitled to it when suit is brought to enforce that very contract against him.

The plaintiff admits that it carried this merchandise under the written contract. How then can it recover upon a *quantum meruit?* Why have a contract at all, if it can be disregarded and abandoned at pleasure.

Counsel proceeded to comment at length upon Smith vs. Way, 9 Allen, 473 ; Eastman vs. Cooper, 15 Pick., 276 ; Norton vs. Dougherty, 3 Gray, 372 ; Burnett vs. Smith, 4 Gray, 50 ; Warren vs. Cummings, 6 Cush., 103 ; as establishing the contrary of the doctrine contended for by appellant.

*A. M. Thayer*, for Respondent.

I. Appellant's defense is a naked attempt to try, in the shape of an off-set, a matter which has once been tried and settled in another jurisdiction.

A judgment may be pleaded in bar to a second action, where the judgment was rendered in a suit between the same parties and relates to the same subject matter. (Poorman vs. Mitchell, 48 Mo., 45 ; Offutt vs. John, 8 Mo., 120.)

The failure of the defendant in the former action, as a common carrier, to transport and deliver the rice, was the subject

matter in controversy in that action, and is that of the counter-claim in this suit.

It is immaterial that the former suit was in *trover*, rather than *case* or *assumpsit;* for in either action the value of the property lost would have been the measure of damages. And there is no doubt that appellant might have recovered the full amount of his damages in the former action. If he did not, and saw fit to accept a less amount, without appeal, he is concluded.

NAPTON, Judge, delivered the opinion of the court.

This suit was to recover a freight bill amounting to $411.67, for transportation of certain goods from New York to St. Louis, at the request of defendant.

The answer sets up a counter-claim for $1000 damages for failing to deliver 58 tierces of rice, a portion of the cargo ordered by defendant. The reply admitted the failure to deliver the 58 tierces of rice; but set up a judgment recovered by Traube in the Circuit Court, U. S., against the plaintiff, for $2616; the value of said rice, and claimed the judgment which was paid was an adjudication of that matter, which barred the defendant from his counter-claim.

There was an agreed statement of facts, which was as follows:

1. It is admitted that the plaintiff transported from New York to St. Louis, and there delivered to defendant the various quantities of merchandise mentioned in the petition.

2. It is admitted that the defendant accepted said merchandise, and the freight on the same amounted to $411.67, at the rate agreed upon between the parties, and that said freight on the merchandise delivered and mentioned in the petition, has never been paid.

3. It is further admitted, that at the time plaintiff received the merchandise mentioned in the petition from defendant, it also received fifty-two tierces of rice from the same firm, and issued the bill of lading filed with the answer, whereby it undertook to transport the merchandise mentioned in the

petition and said tierces of rice from New York to St. Louis, and there deliver the same to defendant.

4. It is admitted that the plaintiff never delivered said rice to defendant at St. Louis, but in fact transported it to Indianapolis, and at the instance of certain New York merchants, carried it back to New York and delivered it to said merchants, who claimed to own it, and took from said merchants a bond of indemnity against all claims for damages that might arise in consequence of plaintiff's action; that in consequence thereof the defendant wholly lost said rice.

5. It is admitted defendant, prior to the commencement of this suit, brought an action of trover in the U. S. Circuit Court for the district of Missouri, against plaintiff ,for the conversion of said rice; that the plaintiff herein appeared and defended said action, and after trial had in due form of law, defendant recovered judgment against plaintiff in this action in the sum of $2616.74 for damages, at the April term, 1872.

6. It is further admitted, that in said action of trover, the jury, under instructions from the court to assess damages at the value of said rice at the time of conversion, in fact gave judgment for the value of said rice at the city of New York, and that said judgment was not appealed from by either party to said action, and had been paid in full to defendant by said parties, who gave plaintiff herein the bond of indemnity as aforesaid, prior to the commencement of this suit. It was further agreed to refer the case to Geo. B. Kellogg, Esq., as referee.

The referee found the facts to be, that defendant was indebted in the sum claimed in the petition for the transportation of the merchandise ·delivered, and that the fifty-eight tierces of rice not delivered were worth in New York about two cents per pound less than they were worth in St. Louis, at the date of the delivery of the other merchandise forwarded, and therefore, that the defendant was entitled to $565 for the damage he had sustained by reason of the non-delivery of the rice at St. Louis; but was further of opinion that, inasmuch

as defendant had only recovered the New York price of the rice in his action of trover in the Circuit Court of the U. S., and that judgment was not appealed from and had been paid, it was a bar to the counter-claim.

This opinion and conclusion of the referee was, on consideration of exceptions to it, confirmed by the Circuit Court, and subsequently at the General Term. And the only question presented by the record in this case, is whether this conclusion as to the plea of former recovery as a bar is on the agreed facts right. Notwithstanding the very ingenious and elaborate argument of the counsel for the defendant, we think the referee and the circuit judge and the General Term were clearly right.

There are several forms of action by which, previous to our code of practice, the responsibility of a common carrier for a failure to deliver goods entrusted to him could be enforced. An action on the *case*, or of *trover* or *assumpsit* on the express or implied contract, might either be maintained, and the advantages or disadvantages of either form are fully pointed out by Mr. Angel, in the 10th chapter of his work on Carriers. In the admiralty courts carriers by sea were proceeded against both for a breach of contract and for a breach of duty, and though originally common law actions against carriers were chiefly founded on tort, on the hypothesis that their liability depended chiefly on a breach of a public duty, the action of assumpsit was ultimately resorted to. Mr. Angel says: (§ 422) "In time they succeeded in establishing the existence of a contract, and then they at once became liable to an action of assumpsit on their undertaking; and a very long established, continued and uniform usage has sanctioned the principle, and adopted the advantages of both forms of action, so that the case may be considered either way as arising *ex contractu* or *ex delicto*, according as the neglect or duty or breach of promise is intended to be relied on, as the cause of injury."

It is not perceived, however, that in regard to the question of damages to be recovered where goods are intrusted to a

carrier and are not delivered according to his undertaking, there is any different mode of computing them, in any form of action which may be selected. In *trover* the value of the goods at the time of their conversion, is undoubtedly the measure of damages, and the same rule would prevail either in *assumpsit* or *case*. But the question still remains, whatever form the action may assume, whether that value is to be computed at the place where delivered to the carrier, or at the place of destination, and in regard to this Mr. Sedgwick observes, that it is well settled that the measure of damages is the value of the goods at the place of destination, (Sedg. Dam., ch. 13) deducting the freight. And the case of O'Conner vs. Foster, (10 Wall., 418) which was an action on the case, decided that the true rule of damages was the difference between the value of the wheat in Pittsburg, with the freight added, and the market price at Philadelphia (its place of destination) at the time it would have arrived there, if carried according to the contract.

Now the agreed case shows that the action of *trover* in the U. S. Circuit Court, was to recover damages for the conversion of the fifty-eight tierces of rice, and that in estimating these damages the court instructed the jury that the measure of damages was the value of the rice at the time of its conversion. This instruction was right—but whether right or wrong, would not be material now. If a wrong instruction was given, it was the right of the plaintiff in that case to appeal, and have the error corrected. But it does not appear that any instruction was asked in regard to the place where the value was to be fixed, whether at New York, where the goods were bought, or at Indianapolis, where they were converted to other uses by the carrier, or at St. Louis, where the carrier agreed to take them. Nor does it appear that any evidence was offered to show the difference in the prices at New York and the prices at St. Louis, at the date of the conversion. And the jury, under the general instruction given by the court, gave damages for the value of the rice, estimating its cost in New York.

Now the defendant here (plaintiff in the *trover* action) insists that the question as to the measure of damages, was not involved in the action of trover, and therefore the judgment in his favor, in that action, not being for as large a sum as he was entitled to, although not appealed from, is no bar to his present counter-claim for precisely the same subject matter involved in the *trover* suit.

The plea of former recovery is very equitably and liberally construed by the courts, and if the subject matter of the two suits is different, and the same question was not in fact litigated, and no evidence offered concerning it, the courts are disposed to allow the merits of the case to be investigated in the second suit. But there must, in considerations of public policy as well as settled law, be an end to litigation. The question is, whether the same cause of action has once been litigated and decided. If it has, there is an end to it, and ought to be, and it is the business of the party who brings the second action to show that the cause of action is different. The form of the action is immaterial, and if the cause be the same the judgment is conclusive, and therefore, a judgment in *trover* is a bar to an action of *assumpsit* for the same goods. (4 Rep., 34–6 ; 2 W. Black, 827 ; 3 Ch. Pl., 929 ; Agnew vs. McElroy, 10 Sm. & M., 555.)

It is now well settled that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered, whether it includes the whole or only part of the demand sued on, upon the ground that an entire claim, arising either upon a contract or wrong, cannot be split up into several actions. (26 Mo., 532 ; 35 Mo., 447 ; Secor vs. Sturgis, 16 N. Y., 544; 15 Johns., 432 ; *Id.*, 229 ; 16 *Id.*, 137 ; 1 Wend., 487.)

Where the demands arise out of separate and distinct causes of action, the rule is otherwise. And even where several claims, payable at different times, arise out of the same contract or transaction, separate actions may be brought as each liability accrues—but in this case it has been held, that if no action is brought until more than one is due, all that

are due must be included in one action ; and if an action is brought when more than one is due, a recovery in that suit will be a bar to a second action brought to recover the other claims that were due when the first was brought. (Ref. Dutch Church vs. Brown, 54 Barb., 191.)

It is apparent from the statements in the agreed case that the cause of action in the suit tried in the U. S. Circuit Court is precisely the same with the one set up in the counter-claim, and the fact that the jury or the court did not give damages for the conversion of the goods, in that case commensurate with the real loss sustained, might have been a ground for an appeal or writ of error to that judgment—but the judgment in the case, although the form of action was different, is a complete bar to a renewed litigation of the matter. It does not appear that any instruction was asked of the court trying the trover suit, in regard to the mode of estimating damages—nor does it appear that any evidence was offered in regard to the difference in the value of the goods at New York and in St. Louis. *Prima facie*, such evidence was offered, as it was clearly admissible, and if it was not, the agreed case should have so stated. It is not however, clear, that whether offered or not, the result would be different, so far as the present counter-claim is concerned. It was evidence clearly admissible under the issue, and if not offered or introduced, that is no reason why another action should be allowed to investigate the same question a second time.

The judgment of the General Term is affirmed ; the other judges concur.