DAMASO LAINE ET AL., Appellants, *v.* JULIA FRANCIS ET AL., Respondents.

February 12, 1884.

1. ACTIONS — BAR — SPLITTING DEMANDS. — A cause of action can not be divided so as to support two actions: a judgment on a part of a demand is a bar to an action for the balance.

2. —— MARRIED WOMEN — SEPARATE ESTATE. — A decree charging a portion of the separate estate of a married woman for the payment of her promissory note is generally a bar to a second action to charge her other separate estate for the payment of an unpaid balance thereon.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

PATTISON & CRANE, for the appellants: After a foreclosure of a mortgage an action may be brought on the secured note or bond for any remainder due. — *Newal* v. *Wright*, 3 Mass. 150; *Amory* v. *Fairbanks*, 3 Mass. 562; *West* v. *Chamberlain*, 8 Pick. 336; Jones on Mort., sect. 950; *Standish* v. *Vosberg*, 27 Minn. 175. A second action may be brought upon a bond for a breach thereof not included in the former suit. — *The State* v. *Morton*, 18 Mo. 53. A foreclosure of a mortgage will not prevent a subsequent foreclosure of a contemporaneous mortgage on the same property. — *Watkins* v. *Hackett*, 20 Minn. 106.

KEHR & TITTMANN, for the respondents: "A decree rendered against a married woman charging her separate

estate with the payment of her promissory note and directing a sale of the realty charged, is a judgment by which a debt is recovered within the meaning of the statute." — *Gawtry* v. *Adams*, 10 Mo. App. 32, 33 ; *Staley* v. *Howard*, 7 Mo. App. 377. The note was, therefore, merged in the judgment and could not thereafter form the basis of a suit between the same parties. — *Cookory* v. *Railroad Co.*, 74 Mo. 479.

THOMPSON, J., delivered the opinion of the court.

The question which arises upon this record is presented by a demurrer to the answer, and it is this : Whether a party who holds the promissory note of a married woman, and has brought an action upon such note to charge a portion of her separate estate in respect thereof, and has prosecuted such action to judgment, and has, in pursuance of such judgment, caused such portion of the married woman's separate estate to be sold under a special execution, can, in case such portion of the married woman's separate estate does not at such sale bring enough money to satisfy his special judgment, interest, and costs, bring another action to charge another portion of the married woman's separate estate for the residue, without showing some valid reason why he did not bring the former action against a sufficient portion of her separate estate to make his debt, interest, and costs. The circuit court held that this could not be done. We are of opinion that the circuit court was right in so holding. The general rule is, that every judgment concludes the parties to it, and pronounces the law of the particular case. *Ex parte Watkins*, 3 Peters, 193; *The People* v. *Sturtevant*, 9 N. Y. 363. It is also a general rule that, where a party has chosen his ground and litigated the subject-matter of an action to its final conclusion, he has exhausted his remedy except for the purpose of such supplementary proceedings as the statute law or the principles

of equity may give him for the enforcement of his judgment. The rule is so strong that a majority of this court at the present term held, that where a person having a cause of action against a person domiciled in another state, elects to sue such person in such other state, and is there cast in his suit, by reason of a short statute of limitations in such other state, so that judgment is rendered in such other state for the defendant, the person having such cause of action can not afterwards sue in this State, although the statute of limitations in this state have not barred his demand. *Fulton Iron Works* v. *Riggin*, 14 Mo. App. 321. The rule rests upon two reasons. The one is technical, and the other substantial. The technical reason is that where a party having a cause of action prosecutes it to judgment, his cause of action is thereafter merged in the judgment, and whatever further remedy he may have, under the law, against the defendant, must be founded on the judgment, and not on the original cause of action. The substantial reason is that the law, on grounds of obvious justice and convenience, discountenances the splitting of causes of action and the multiplying of suits. *Union, etc., Co.* v. *Traube*, 59 Mo. 355, 362; *Wagner* v. *Jacoby*, 26 Mo. 532; *Corby* v. *Taylor*, 35 Mo. 447. It is upon this ground that the law will not allow a part of a chose in action to be assigned. This rule has always been a favorite one with courts of equity; and wherever it is possible for a party having an equitable cause of action to litigate and conclude it in one suit, although by making parties to such suit a number of persons standing in different relations to the cause of action, those courts have obliged him to do so (*Henderson* v. *Henderson*, 3 Hare, 100, 115; *Strike's Case*, 1 Bland Ch. 57; *Purefoy* v. *Purefoy*, 1 Vern. 29; *Bass* v. *Nelms*, 56 Miss. 502, 507); denying the application of the rule only in those cases where a party has attempted to litigate in one action a number of matters so separate and discon-

nected that they can not be conveniently litigated in one proceeding. Here the party is repelled on the ground of multifariousness in his bill. The general rule, therefore, is that, if a party having a cause of action which he may litigate and conclude in one suit, divide it, and sue and recover in respect of a part of it, this judgment concludes him as to the whole, and he can not thereafter sue as to the remainder. *Corby* v. *Taylor*, 35 Mo. 447; *Union, etc., Co.* v. *Traube*, 59 Mo. 355, 362. This principle has been applied in respect of the foreclosure of mortgages; and it has been held, that where a party having a mortgage upon a tract of land, proceeds to foreclose it as to a portion of the tract, it is a waiver of the lien of the mortgage as to the rest of the tract, and he can not foreclose it as to such residue in a second suit. *Mascarel* v. *Raffour*, 51 Cal. 242; *Sedam* v. *Williams*, 4 McLean, 51. In like manner it has been held that where a vendor having a lien for purchase-money enforces it as to a portion of the land (*Day* v. *Preskett*, 40 Ala. 624, 628, 629), or as to that portion of the money which is due (*Codwise* v. *Taylor*, 4 Sneed, 346), he thereby exhausts his remedy as to the rest of the land, or as to the portion of the purchase-money which is not due.

We are referred to some decisions which are supposed to point by analogy to the contrary conclusion. The holder of a mortgage foreclosed the same upon a failure to pay one instalment of the mortgage debt. A decree was rendered and as ale made. Before the time for redemption had expired, the mortgageor redeemed. Subsequently, upon a failure to pay another instalment of the debt, the mortgagee filed another bill to foreclose, and it was held that the previous decree was not a bar. *Standish* v. *Vosberg*, 27 Minn. 175. But this is quite clear, because the mortgageor himself had prevented it from becoming a bar. By redeeming, he had wiped out the whole foreclosure pro-

ceeding, and had placed the matter in the same situation as though it had not taken place. It has been held in this state, that a second action may be brought by the same plaintiff on the same administrator's bond, founded upon other breaches which were not included in the previous action. *The State to use* v. *Morton,* 18 Mo. 53. But the court must have proceeded in view of some statute giving the right of action, because the rule of the common law is well known, that there could be but one recovery for the breach of a penal bond. The remedy of the same, or of any other party, for a subsequent breach of the bond was by *scire facias* upon the judgment; and even thi appears to have been given by statute. 1 Wms. Saund. 72; *Young* v. *Reynolds,* 4 Md. 375, 383.

It is not necessary, for the purposes of this case, to inquire whether or not special circumstances may arise which will take such a case as the one before us out of the rule which the circuit court applied in deciding it; because no circumstance of excuse for not bringing the action against a sufficient number of the parcels of separate property shown to have been owned by the defendant Mrs. Francis, is suggested in the pleadings. The plaintiffs were at full liberty to proceed against enough to satisfy their demand. They did not do so. Having chosen their ground, having selected the tract against which they would proceed, deeming that sufficient, as we must presume, they can not now shift their ground and proceed against others. If they have any remedy at all, it must consist of some supplemental proceeding, by action or otherwise, in respect of the unsatisfied balance of their judgment; but as the judgment is not a general judgment, it does not appear that the law affords them any supplemental remedy.

The judgment of the circuit court is accordingly affirmed. All the judges concur.