G. H. STEIGLIDER *et al.*, Plaintiffs in Error, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Defendant in Error.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

Splitting Demands: FENCING RAILROADS: DIFFERENT ITEMS OF DAMAGES: ONE VIOLATION OF STATUTE.   Where the defendant railway company, during the years 1885, 1886 and 1887, failed to fence its road, whereby stock came upon and damaged plaintiff's adjoining pasture in each of said years, and, in 1887, plaintiff instituted suit and recovered for damages thereby inflicted in 1886, he cannot afterwards maintain an action to recover damages inflicted in 1885, so splitting his demand and vexing defendant with different actions for separate items of damage, known to have been inflicted at the time of the former suit, as all such items of damage flow from the one violation of the statute.

*Error to the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*W. S. Shirk,* with *Thos. J. Portis,* for the appellant.

(1) In 1887, plaintiffs had two rights of action, arising from the same cause, namely: The failure of defendant, during the years 1885 and 1886, to maintain a lawful fence through plaintiffs' premises. The first for damages to plaintiffs' meadow by stock getting in upon it repeatedly during the year 1885. The second for damages to the same meadow, by stock, during the year 1886. Both rights of action having grown out of the same cause, and plaintiffs having, in 1887, sued and recovered on their right of action for the damages of 1886, with a full knowledge of the existence of the right of action for the damages of 1885, they are forever estopped from maintaining an action for the damages of 1885. *Trans. Co. v. Traube,* 59 Mo. 355, on 362 and authorities cited; *Laine v. Francis,* 15 Mo. App. 107; *Trask v. Railroad,* 2 Allen, 331. "All the damages which can, by any possibility, result from a single tort, form an indivisible cause of action." Freeman on Judgments, sec. 241. Here the single tort is the failure to maintain lawful fences. (2) In 1887, the plaintiffs had a cause of action for damages done their meadow, during the years 1885 and 1886, by cattle getting in on said meadow, from time to time, during said two years, by reason of defendant's failure to maintain a lawful fence through plaintiffs' premises. Having, in 1887, sued for a part of their demand, and recovered judgment for it, which has been satisfied, they are now estopped from recovering on the balance of said demand. Plaintiffs knew their full rights when

they sued in 1887. *Wagoner v. Jacoby*, 26 Mo. 532; *Moran v. Plankington*, 64 Mo. 337; Freeman on Judgments, sec. 241; 1 Am. & Eng. Cy. Law, p. 184*c*, subd. 11 and note 1.

*Draffen & Williams*, for the respondent.

(1) The cause of action that accrued to the plaintiffs, on account of the destruction of their crop of grass by cattle, in 1885, is entirely separate and distinct from that which arose from the destruction, at a different time, of their crop of 1886. The statute gives a right of recovery where cattle, on account of the failure to fence, by the railroad company, come upon adjoining lands and do damage thereon. It is the coming of the cattle upon the land, in consequence of the failure to fence, when damage results, that gives the right of action. Each separate injury sustained by the land-owner gives a distinct cause of action, the same as the killing, at different times, by the engines or cars, of animals upon the track would give separate causes of action. Acts of 1885, p. 88; *Walther v. Railroad*, 55 Mo. 276, as to the right of recovery. See, also, 1 Thompson on Negligence, p. 533, as to separate causes of action in such cases. (2) "It is in the election of the plaintiff, if he has distinct causes of action, to sue upon all, or any of them, when he pleases." "Separate torts give rise to separate causes of action, and each cause remains unaffected by a judgment for any other tort, subsequent or antecedent." Freeman on Judgments [3 Ed.] sec. 243; *Phillips v. Berich*, 16 Johns. 137; *Perry v. Dickerson*, 85 N. Y. 345; *Flaherty's Adm'r v. Taylor*, 35 Mo. 447; *Brown v. King*, 10 Mo. 56; *Stifel v. Lynch*, 7 Mo. App. 326. (3) The plaintiffs were not bound to embrace both causes of action in their suit instituted in 1887. *Stifel v. Lynch*, 7 Mo. App. 326; *Brown v. King*, 10 Mo. 56. That case

does not militate against the rule that separate wrongs give rise to separate causes of action, and each cause remains unaffected by a judgment of any other either subsequent or antecedent. (4) The plaintiffs made out their case, and were entitled to judgment for the amount sued for in each count. The only defense sought to be made was the previous judgment for damages to crop of 1886. The circuit court erred in holding that this was a bar to an action for damages to the crop of 1885.

GILL, J.—This is an action to recover double damages, under the statute, for injury to the crop of grass in plaintiffs' pasture, caused by animals going upon said pasture from defendant's railroad, in consequence of defendant's failure to erect and maintain fences along the sides of its railroad, where it passed through said pasture. The petition contained two counts.

The first was for damages done by animals to the crop of grass in 1885; and the second was for damages done to the crop in 1887. The evidence sustained the allegations of the petition, and plaintiffs were entitled to recover, unless they were precluded, as to the first count, because, after they had knowledge of the damage done by animals to the crop in 1885, they instituted suit, and recovered judgment for the damages done to the crop in 1886, and did not include in said suit the damage previously sustained to the crop in 1885. The defendant contended, and the court held, that this was a complete bar to the matters complained of in the first count, and the correctness of this ruling is the sole question presented by this record.

The books present a variety of decisions on the general question here suggested, which, although at times apparently inharmonious, yet agree on the principle, fundamental, in all such controversies, "that one shall not be twice vexed for one and the same cause," that there shall be but *one* suit for *one* cause of action.

The policy of the rule is manifest. It protects the defendant from a multiplication of suits by a vexatious litigant, and avoids obstructing the courts with a cloud of petty cases supported by the same facts, and involving the same legal questions. It is well understood, then, that one cause of action cannot be split up into several. The plaintiff must bring his whole complaint into court in one suit at one time,—that the cause of action then existing may be entirely considered and forever settled, that there may be an end to litigation. It is not meant by this rule that the plaintiff *must* join in one action every demand, which, under the rules of law, he *might* join, but it is only meant that, where he has but one cause of action, he shall have but the one chance to litigate. He cannot sue for a portion now, and a portion at some other time. He cannot, in an action for a wrong committed by the defendant, sue for, and recover, a portion of the damages resulting therefrom, and, then, at some future time, be permitted to complain of the same wrong, and recover other items of damage existing and known to such plaintiff at the institution of the former action. "There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be." *Perry v. Dickerson*, 85 N. Y. 347; *Union R. R. & T. Co. v. Traube*, 59 Mo. 362. As said by the court in *Laine v. Francis*, 15 Mo. App. 110: "The general rule, there-fore, is that, if a party, having a cause of action which he may litigate and conclude in one suit, divide it, and sue and recover in respect of a part of it, this judgment concludes him as to the whole, and he cannot, there-fore, sue as to the remainder." See, also, *Trask v. Railroad*, 2 Allen, 332–3; Freeman on Judgments, secs. 240 and 241.

Now, placing the facts of this case alongside the legal principles herein alluded to, it would seem the circuit court properly held the judgment in plaintiff's

favor in 1887, for the damages committed in 1886, a bar to the count for damages occurring in 1885.

It appears, from the admitted facts, that during the years 1885 and 1886, defendant railway company, contrary to a duty imposed by statute, failed to erect and maintain a fence along its road where the same passed through plaintiff's pasture. This was a wrong, for which it was liable in double damages to the plaintiff for injuries thereby occasioned, and a cause of action existed in plaintiff's favor. The tort was the failure to maintain the fence; the measure of recovery was double the aggregate of the items of the damage theretofore resulting to plaintiff by the intrusion of stock on plaintiff's pasture. This measure of damages not only included the injuries from stock escaping onto the pasture the day before the suit was brought, nor were such damages limited to those of the preceding months, nor to the preceding twelve months, but all such damages as resulted to plaintiff, whether in 1885 or 1886, were the items then properly recoverable in that action. From the admitted facts, it appears that the plaintiff, when suing for damages in 1886, well knew of the injuries committed the preceding year, but he saw proper to forego any claim on that account, and only sought and recovered for the injuries of 1886. He cannot now be heard to complain on account of the items of damages of 1885, when he voluntarily renounced them in the former action. The whole matter was then one indivisible cause of action. A recovery was had on that cause of action, but the plaintiff only sought to, and did, prove up and recover for a *portion* of the damages to which he was entitled. He has lost any right to sue for the remaining items of damages. As well said by defendant's counsel, "There is no charm in dividing the time during which the wrong sued for continued into *years*, and then calling the damages for one year *one* cause of action, and for the other year *another* cause of action."

If this could be done, then for every separate day, or time the stock entered the pasture, plaintiffs would have a separate cause of action, and could bring as many suits (though they would probably run into the hundreds), and a recovery for one day's damage would be no bar to a suit for the damage done the day before."

The judgment of the circuit court is affirmed. The other judges concur.

*Rehearing denied, January 6, 1890.*