## LILLIE PLONSKY, Respondent, v. A. MORRISON, Appellant.

### Kansas City Court of Appeals, February 18, 1918.

SPLITTING CAUSE OF ACTION: Justice of the Peace: Commencement of Suit: Different Demands: Maturity. All causes of action growing out of the same transaction but falling due at different dates, which are due at the institution of a suit should be included in such suit. The beginning of a suit before a justice of the peace dates from the delivery of the summons, to the constable. A landlord sued his tenant from month to month before a justice of the peace for one month's rent. The summons was void and a new one was issued and judgment rendered. After filing the suit but before the new summons was issued, a second month's rent fell due. Afterwards suit was brought on the second month. Defendant defended on the ground that it should have been included in the first suit and was barred. It was *held* that it was not barred.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

AFFIRMED.

*Thomson & Davis* for appellant.

*Frank Gordon* for respondent.

ELLISON, P. J.—Defendant 'rented plaintiff's property, situated in Kansas City, from month to month, the rent being due and payable to plaintiff on the 25th of each month. This action was brought before a justice of the peace for one month's rent. On appeal to the circuit court judgment was rendered for plaintiff.

The defense is that plaintiff has split her cause of action, in that when she instituted a former suit the month here sued for was due and should have been included in the other suit.

The facts are that on the 19th of February, 1916, plaintiff filed his written claim with the justice for the month's rent due the 25th of January. Summons was issued and delivered to the Constable returnable in nine days when it should have been ten. [Sec. 7420, R. S. 1909.] On discovering the error an *alias* summons was issued on the 28th of February, returnable in more than ten days, and judgment was afterwards duly rendered for plaintiff for the rent sued for and the judgment paid.

On the 11th of March plaintiff filed the present claim with the justice for the rent due the 25th of February and judgment was rendered by the justice for her. Defendant thereupon appealed to the circuit court where judgment was again rendered for her and defendant appealed to this court.

It will be observed that when plaintiff's first suit was filed for the January rent, the February rent was not due, but there being a defect in the summons a new one was issued on February the 28th, and at that date the February rent had become due. Defendant's point is that all of this rent due (January and February) when plaintiff commenced her first suit should have been included in one action. [Union R. R. & T. Co. v. Traube, 59 Mo. 355, 362.] And as the first suit before a justice of the peace is not deemed to be begun until the summons is delivered to the Constable (Sec. 7410, R. S. 1909) the first suit was not begun until the *alias* summons was

delivered to that officer, that being after the February rent had fallen due.

We are not inclined to defendant's view. For the matter of pleading, its sufficiency is judged from the date of filing of such pleading. For periods from which to start limitation and various other things, the suit would not be deemed to be commenced, within the meaning of the statute, until the summons is delivered to the constable. But, notwithstanding the statute, the filing of a statement of one's cause of action with the justice of the peace is a necessary part to the commencement of the suit (Zanesville v. Telegraph Co., 64 Ohio St. 67, 83) and all matters pertaining to the cause of action stated should be judged and considered from the standpoint of the date of its deposit with the justice. So that, when the question involved is as to the necessity for including or joining one or more causes of action in a statement, it should be considered from the date of filing such statement. Plaintiff's statement of her first cause of action was complete when filed, and though the summons afterwards issued upon it was void on account of being made returnable in less time than required by the statute, the statement remained a valid record in the cause and was the foundation upon which the new summons rested, and we do not see why a cause of action falling due after its filing must be lost to the plaintiff unless inserted therein by way of amendment. We will add that this case is not an instance where the plaintiff ordered or connived at a delay in taking out a summons.

The judgment is affirmed. All concur.