FRANK KELLEY, RESPONDENT, v. CITY OF CAPE GIRARDEAU, APPELLANT.

Springfield Court of Appeals. April 25, 1933. Motion for rehearing denied May 27, 1933.

*Frank A. Lowrey* for appellant.

*Spradling & Dalton* for respondent.

BAILEY, J.—This is an action for damages against the City of Cape Girardeau resulting from the alleged overflow by surface water of plaintiff's residence property, located in said city. The petition is in sixteen counts, each count being based upon a separate rainstorm occurring at various dates between the 18th day of June, 1925, and the 28th of September, 1927. Prior to the filing of this petition plaintiff had instituted several other suits growing out of the same storm water sewage condition in front of his said property in the City

of Cape Girardeau. The last of these suits to reach the appellate court was the case of Kelly v. The City of Cape Girardeau, reported in 284 S. W. 521. The petition in the latter case was the same as in the present suit as to all material allegations. For further particulars in regard thereto reference may be had to the reported case. In addition to the allegations mentioned in that case, however, the petition in this case alleges that on the eighth day of November, 1927, plaintiff instituted an action against the defendant for damages to this same real estate by reason of the overflowing from surface water caused by the same conditions alleged and proved in previous suits; and further alleged that a trial was had before a jury on the issue formed in said cause and that the jury found said issues in favor of the plaintiff and that a judgment was entered upon said verdict from which no appeal was taken.

The defendant in the present action first filed a demurrer to the petition, which was overruled. Thereafter defendant filed an answer wherein the suit filed by plaintiff on the 8th day of November, 1927, similar in all respects to the suit at bar except as to dates of storms, was pleaded as *res adjudicata* of the present action in that all the counts of plaintiff's petition herein could have been, and should have been, litigated in said 1927 suit, and the failure of plaintiff to litigate said counts then, bars his right to litigate them in this action. The issue thus formed gives rise to the principal and decisive question on the present appeal. The petition shows, as heretofore indicated, that each rainfall for which damages are claimed occurred prior to November, 1927, when the last suit was filed. It therefore must be taken as admitted that plaintiff could have included in his 1927 petition all the damages for which he makes claim in the present suit. The only question, therefore, is whether or not his failure to do so is a bar to the present action.

There can be no doubt in this case that defendant, by its street improvements and lack of adequate storm sewers at the place of outlet near plaintiff's premises, became responsible for damages to plaintiff's property by reason of overflow thereof from surface water caused by heavy rains. That question has been litigated and decided against defendant and in favor of plaintiff many times. In other words, that issue has become *res adjudicata*. [Kelley v. City of Cape Girardeau, 284 S. W. 521.] The foundation of plaintiff's numerous suits is the failure of defendant to provide adequate drainage or outlets after diverting surface water into the street in front of plaintiff's property. It is and was one continuous tortious act, for which plaintiff was entitled to damages each time his property may have been overflowed by reason thereof and he had a right to maintain successive actions each and every time he was damaged thereby. [Shelly v. Ozark Pipe Line Co., 37 S. W. (2d) 518, l. c. 521; Williams v. Kitchen, 40 Mo. App. 604.] Although it be true that plaintiff had

732

the right to maintain separate and distinct actions for each occasion on which his property was overflowed and damaged by surface water diverted onto his property by defendant's failure to provide adequate sewerage, it does not follow that plaintiff may recover his damages by piecemeal. At the time the 1927 suit was filed all the damages sued for in the present suit had accrued, of which fact plaintiff had knowledge. All the damage then accrued were the result of the same tortious act on the part of the city. The successive rains causing the damages were incident to the cause of action but not the basis of defendant's liability. In other words, plaintiff at the time he filed suit in 1927, had one cause of action for all the damages that had accrued up to that time and had no right to split his cause of action. The nearest Missouri case we have found in point on that question is Steiglider v. Mo. Pacific Ry. Co., 38 Mo. App. 511. In that case the railroad company failed to maintain a lawful fence along its right-of-way as a result of which stock destroyed plaintiff's pasture. The petition was in two counts for damages in 1885 and 1887. It was claimed the first count for the damages arising in 1885 was barred by a prior suit. The Court of Appeals said, ''The evidence sustained the allegations of the petition, and plaintiffs were entitled to recover, unless they were precluded, as to the first count, because, after they had knowledge of the damage done by animals to the crop in 1885, they instituted suit, and recovered judgment for the damages done to the crop in 1886, and did not include in said suit the damage previously sustained to the crop in 1885. The defendant contended, and the court held, that this was a complete bar to the matters complained of in the first count, and the correctness of this ruling is the sole question presented by this record.

The books present a variety of decisions on the general question here suggested, which, although at times apparently inharmonious, yet agree on the principle, fundamental, in all such controversies, 'that one shall not be twice vexed for one and the same cause,' that there shall be but one suit for one cause of action. The policy of the rule is manifest. It protects the defendant from a multiplication of suits by a vexatious litigant, and avoids obstructing the courts with a cloud of petty cases supported by the same facts, and involving the same legal questions. It is well understood, then, that one cause of action cannot be split up into several. The plaintiff must bring his whole complaint into court in one suit at one time, that the cause of action then existing may be entirely considered and forever settled, that there may be an end to litigation. It is not meant by this rule that the plaintiff must join in one action every demand, which, under the rules of law, he might join, but it is only meant that, where he has but one cause of action, he shall have but the one chance to litigate. He cannot sue for a portion now, and a portion at some other time. He cannot, in an action for a wrong

committed by the defendant, sue for, and recover, a portion of the damages resulting therefrom, and, then, at some future time, be permitted to complain of the same wrong, and recover other items of damage existing and known to such plaintiff at the institution of the former action. 'There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be.' [Perry v. Dickerson, 85 N. Y. 347; Union R. R. & T. Co. v. Traube, 59 Mo. 363.] As said by the court in Laine v. Francis, 15 Mo. App. 110: 'The general rule, therefore, is that, if a party, having a cause of action which he may litigate and conclude in one suit, divide it, and sue and recover in respect of a part of it, this judgment concludes him as to the whole, and he cannot, therefore, sue as to the remainder.' [See, also, Trask v. Railroad, 2 Allen, 332-3; Freeman on Judgments, sections 240 and 241.]'' [Steiglider v. The Mo. Pacific Ry. Co., 38 Mo. App. 1. c. 514.]

This case has been cited with approval not only by the courts of appeal, but by the Supreme Court. [Derby v. Ry. Co., 156 Mo. 391, 57 S. W. 550; Coy v. Railroad, 186 Mo. App. 408, 172 S. W. 446; Keller v. Olson, 187 Mo. App. 469, 175 S. W. 28.]

The same principle was adhered to in the recent case of Viviano v. Ferguson, 39 S. W. 568, in which case plaintiff sued on an installment rent contract, after having recovered on three former suits for certain rent installments, which former suits were filed January 11, 1928, and did not include all the installments then due. In these former cases judgment was rendered in what was called the "Sixth District Justice Court," for a part but not all of the rent installments matured at that time. When the latter suit was filed the former suits were pleaded in bar because the rents sued for in the latter case were due when the former suits were filed. The St. Louis Court of Appeals held as follows: "While there is some little argument by plaintiffs to the contrary, we think there is no doubt that they had but a single cause of action against defendants on January 11, 1928, when the three suits were filed, since defendants' entire indebtedness had accrued under the one contract long prior to that time. As each monthly installment of rent fell due, plaintiffs might have instituted and maintained a separate action against defendants for that installment, but having waited until all three installments were due, it was then proper and necessary that the entire sum sued for be included in the one action, in view of the inhibition against the splitting of a single demand without the consent of the debtor. Of course, plaintiffs had the undoubted right to prosecute a suit for only a portion of their whole demand if they saw fit, but unless there are peculiar facts in the case which warrant a conclusion to the contrary, then the judgment of the justice's court for the Sixth district must be held to have been *res adjudicata* upon the entire cause of action, under the rule that a judgment on the merits in an action for a portion of a

single demand bars the right of action on the residue as well. [See v. See, 294 Mo. 495, 242 S. W. 949, 24 A. L. R. 880; Morrison v. De-Donato, 76 Mo. App. 643; Finnerty v. Hoppe, 150 Mo. App. 515, 131 S. W. 128.]'' [Viviano v. Ferguson, 39 S. W. (2d) 1. c. 569.] To the same effect are Bird v. Railroad, 30 Mo. App. 365; Hunter Land & Development Co. v. Caruthersville Stove & Heating Co., 9 S. W. (2d) 531; Berry v. Milling Co., 304 Mo. 292, 263 S. W. 406, and other cases.

We therefore hold that when plaintiff brought suit for a part only of his claims for damages which had accrued in 1927, when the last former suit was filed, he is barred from claiming damages for overflows to his property which had occurred prior to the date said former suit was filed. At that time defendant had permitted a condition to arise which entitled plaintiff to damages. The tort was the failure to provide an adequate sewer to take care of the surface water caused to accumulate in front of plaintiff's property by reason of defendant's street improvements. The measure of damages at the time the 1927 suit was brought depended upon all the overflows which had then occurred. Plaintiff knew that all damages sued for in the present suit had then occurred and could have been included in that suit. It is our opinion all accrued damages should have been included in that suit. The idea of harassing a defendant by splitting a cause of action has ever been condemned in this State. Plaintiff having seen proper to sue for only a part of the damages that had accrued from a single tort, is barred, we think, from recovery for damages which he voluntarily renounced or omitted from his former suit.

It is urged that defendant city is estopped from raising the question of splitting causes of action because it permitted the same thing to be done on a former suit. We see no merit in this contention. Without considering other assignments of error raised on this appeal, it is our opinion the judgment should be reversed. It is so ordered. *Allen, P. J.*, not sitting; *Smith, J.*, concurs.

## ON MOTION FOR REHEARING.

BAILEY, J.—Plaintiff has filed a motion for rehearing based on one point only, i. e., that defendant was estopped from raising the defense of, ''splitting of causes of action,'' as a bar to this action, because that defense was not interposed in a former action between the same parties. We briefly disposed of that contention in the foregoing opinion because we considered that proposition to be without merit. We are still of that opinion. The record in this case discloses that on the 5th day of May, 1924, plaintiff filed in the Cape Girardeau Court of Common Pleas a suit for damages against defendant, from overflow of his property which occurred on the 8th day of September,

1921; that on the 8th day of November, 1927, plaintiff filed in the same court another like cause of action for damages which occurred on the 27th day of July, 1923, and on various other dates in 1923.

It is urged that since defendant did not interpose the defense in the 1927 suit that the failure to include the 1923 damages in the 1924 suit was a bar to any further action thereon, the defendant is now estopped from setting up such a defense in the present suit. Plaintiff urges that this case falls within the rule that, in a second suit between the same parties *on the same cause of action* the judgment in the former suit is conclusive in the latter, not only as to every question decided, but also as to all matters, including defenses, that might have been litigated. In support of this plaintiff cites 15 R. C. L., 962, sec. 438; Lynch v. Railroad, 180 Mo. App. 169, 168 S. W. 224, and many other cases. We concede the rule to be as stated.

The trouble with plaintiff's position is that this suit is not on the same cause of action as the former suits. Plaintiff has contended, and correctly we think, that each and every rainfall for which damages are claimed gave rise to a separate and distinct cause of action. The St. Louis Court of Appeals so held in its opinion when one of these case was before it. [Kelly v. City of Cape Girardeau, 284 S. W. l. c. 524.] In that case it was held that the former suits were *res adjudicata* only as to such matters as were actually determined and litigated. The rule is that, in the event of a judgment in a former case between the same parties, but on a different claim or demand, the inquiry must be as to the fact or proposition actually litigated and determined and not what might have been litigated. [State ex rel. v. Eastin, 213 S. W. 59, 278 Mo. 662; Loud v. Trust Co., 249 S. W. 629, l. c. 639, 298 Mo. 148; State ex rel. v. Mining Co., 262 Mo. 480, 171 S. W. 356.] Since the present suit is a different cause of action from the 1927 suit between the same parties, defendant had the right to raise any defense, including the plea in bar upon which our opinion is based, that was not raised or determined in the former action. The plea in bar was not pleaded nor determined in any former action between these parties, hence the motion for rehearing should be overruled. It is so ordered. *Smith, J.,* concurs; *Allen, P. J.,* not sitting.