Board of Education v. Ziegenhein.

---

# BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, Appellant, v. ZIEGENHEIN.

### Division One, May 15, 1900.

1. **School Taxes: LICENSES: COLLECTOR'S COMMISSIONS.** The collector
of the revenue of St. Louis is entitled, under the statute, to a com-
mission of three per cent for revenue collected by him for the school
board on the amount of goods, wares and merchandise, returned by
merchants and manufacturers pursuant to the laws of the state re-
lating to merchants' and manufacturers' licenses.

2. ————: **CLASSIFICATION.** Two methods are and have always been
employed for the collection of all taxes, briefly denominated "Tax
Books" or "Tax Bills," and "Licenses;" and the commissions to
which collectors are entitled for collecting the revenue is fixed by
statute according to this classification, they being entitled to re-
ceive certain rates upon all taxes collected by means of "tax bills,"
and certain other rates upon all taxes collected by means of "li-
censes."

Appeal from St. Louis City Circuit Court.—*Hon. John. A.
Talty,* Judge.

AFFIRMED.

*R. E. Rombauer* for appellant.

(1) The defendant was entitled to such commission for
collections made as he received for collecting State and city
taxes on real and personal property. Laws 1865, Adj. Sess.,
p. 27, secs, 1 to 7; R. S. 1889, pp. 2138, 2139, secs. 3 and 4.
(2) Paragraph 12 of section 7640, R. S. 1889, which fixes
the collector's compensation in this instance, is plain and

unambiguous, and fixes his compensation for collecting all property taxes at one-half of one per centum, up to a certain limit of collections. The tax in question was a property tax. State ex rel. v. Kinney, 48 Mo. 373; Kansas City v. Johnson, 78 Mo. 661; Cape Girardeau v. Riley, 72 Mo. 220; State ex rel. v. Tracy, 94 Mo. 217; Brookfield v. Tooey, 141 Mo. 619. (3) A public officer can claim no other fees than the statute gives him in express terms, and such statutes must be strictly construed. Shed v. Railroad, 67 Mo. 687; Gammon v. Lafayette Co., 76 Mo. 675; State v. Wofford, 116 Mo. 220; In re Murphy & Spillane, 22 Mo. App. 476. (4) The facts stated in the agreed case do not work an estoppel *in pais.* No representation was made by plaintiff or his predecessor, on which the defendant acted, hence the inducement is missing. The defendant was as aware of the case as the plaintiff's predecessor was. In fact every element necessary to create an estoppel *in pais* is missing in the case. Bigelow on Estoppel (3 Ed.), p. 384; Acton v. Dooley, 74 Mo. 67; Blodgett v. Perry, 97 Mo. 263.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondent.

(1) The amount paid by merchants and manufacturers towards the revenue of the state, city and the schools, constitutes a class by itself, entirely separate and distinct from the general taxation. R. S. 1889, ch. 3, p. 1617; R. S. 1889, ch. 106, p. 1600. (2) The amount paid to the collector by merchants and manufacturers is not collected on "tax bills placed in his hands," and although an ad valorem or property tax it is nevertheless a tax collected "on licenses." State ex rel. v. Railroad, 116 Mo. 23. (3) On "current and tax revenue" the collector of the city of St. Louis is entitled to a commission on all sums collected by him up to and including 80 per cent of the total amount

"of tax bills placed in his hands," of one-half of one per cent; on all sums collected on such tax bills over 80 per cent, and up to and including 95 per cent, one per cent commission; and on all sums collected on such tax bills over 95 per cent, two per cent commission. But "on licenses and all other dues," except delinquent and back taxes collected for the State, he is entitled to a commission of three per cent. R. S. 1889, sec. 7640, par. 12. (4) The collector is entitled to the same compensation for collecting school revenues as is allowed him for similar services in relation to the collection of the State revenues; therefore to three per cent on all licenses collected. R. S. 1889, art. 12, sec. 30, p. 2175. (5) The various settlements made from time to time between the defendant as collector, and the school board, amount to accounts stated, and can not be questioned except for fraud or mistake of fact. They were made with a full understanding of all the facts, and no claim of fraud or mistake is made. They are, therefore, binding upon both parties. Marmon v. Waller, 53 Mo. App. 614; Lindersmith v. So. Mo. Land Co., 31 Mo. App. 263; St. Louis Gas Light Co. v. St. Louis, 84 Mo. 202; s. c., 11 Mo. App. 73; H. & St. J. Railroad Co. v. Marion Co., 36 Mo. 294; U. S. v. Corliss Steam Engine Co., 1 Otto 321. (6) The annual settlements made between defendant, as collector and the comptroller, and the findings of the comptroller of their correctness, are binding upon plaintiff and defendant, and are a bar to any recovery herein. State ex rel. v. Ewing, 116 Mo. 129; State ex rel. v. Shipman, 126 Mo. 436; Carroll Co. v. Roberts, 62 Mo. 388; Owens v. Andrew Co., 49 Mo. 372; Monroe Co. v. Phillips, 45 Mo. 75; Price v. Johnson, 15 Mo. 33.

BRACE, P. J.—This is an appeal by the plaintiff from a judgment of the circuit court of the city of St. Louis in favor of the defendant, upon an agreed case, submitted to

that court under section 2233, Revised Statutes 1889.

"From the facts agreed upon it appears that plaintiff is a public school corporation created by an act of the General Assembly, approved March 23, 1897, and is the legal successor of the Board of President and Directors of the St. Louis public schools.

"Defendant, between the years 1889 and 1897, was the collector of revenue for the city of St. Louis, and as such was also required to collect all school revenue levied by plaintiff's predecessor, which will hereafter be referred to for the sake of brevity, as the school board.

"It also appears from the agreed statement that the amount of state and city school taxes levied and collected in each of the years while defendant was collector, exceeded in amount one million dollars.

"The school board levied annually for each of the years 1890, 1892 and 1893, a tax of four mills on the dollar on the amount of goods, wares and merchandise returned by merchants and manufacturers, pursuant to the statutes of Missouri relating to merchants' and manufacturers' licenses, and during the years 1894, 1895, 1896 and 1897, levied a similar tax of forty cents on the one hundred dollars of valuation upon such property of merchants and manufacturers, and in each instance directed defendant to collect the same.    Defendant did so, and, in compliance with his duties, did, at least once in each month, and oftener when required, pay over to the school board all amounts so by him collected, deducting in each instance for his services a commission of three per cent on the amount collected.

"In every instance the payment was accompanied by a written statement directed to the secretary and treasurer of the board, showing the amount collected; and, under an arrangement with the board, such amount was deposited by the defendant with the German Savings Institution of St. Louis, the board's depository, and such statement also

showed the amount deducted and retained by the collector by way of commissions, to be three per cent. The statement after having been examined by the secretary was in each instance returned to the defendant, receipted; by the secretary signing his name in the lower left hand corner thereof. In each instance, also, these statements showed that the amounts accounted for were collected on merchants' and manufacturers' licenses. No objection of any kind was made by the school board to the commissions deducted.

"The total amount thus collected for the school board from the one source of merchants' and manufacturers' licenses aggregated $520,103.96. From this amount there was deducted by defendant a commission of three per cent, amounting altogether during the years named to $15,603.11, and the balance of $504,500.85 was paid over, from time to time, in the manner stated.

"At the end of each of said fiscal years the defendant in accordance with the statutory provisions relating to the subject, made annual settlements with the comptroller of the city of St. Louis, and upon each of these settlements it is agreed that the comptroller determined and adjusted defendant's accounts as collected; ascertaining and distributing between the state, the city and the school board the amount of surplus found on such accounting to be in his hands as collector, over and above the expenses of his office and his salary.

"In none of these settlements was any objection made to the retention of three per cent commissions by the collector, and upon each settlement the defendant paid over to the school board its proportionate amount of the surplus as found by the comptroller, in the same way in which he, from time to time, paid over the amount collected on merchants' licenses and already referred to. In every one of these instances the secretary of the board executed and delivered

to defendant receipts for the amount paid over without objection of any kind.

"There is no claim but that defendant promptly and efficiently collected all revenue due the school board, and faithfully accounted therefor, but plaintiff, the school board's successor, now insists that in his settlements with its predecessor defendant was allowed to retain a larger commission than he was entitled to by law."

(1) By statute it is provided: "That there shall be levied and collected annually, on all real estate and personal property within the corporate limits of the city of St. Louis made taxable by law for state purposes, a tax of not more than one-half of one per centum" to be paid to the school board. [R. S. 1889, p. 2174, sec. 27; Laws 1865-6, p. 272, sec. 1; Laws 1858-9, p. 444, sec. 1.]

By section 3, article 13, of the city charter (R. S. 1889, p. 2138), it is made the duty of the collector of the city of St. Louis to collect such taxes; and by statute it is provided that he shall receive for such services "the same compensation allowed by law for similar services in relation to the collection of the state and county taxes in said city." [R. S. 1889, p. 2175, sec. 30; Laws of 1865-6, p. 272, sec. 5; Laws 1858-9, p. 444, sec. 4.] By section 7640 of article 4 of chapter 138, Revised Statutes 1889, entitled, "The assessment and collection of the revenue," it is provided that: "The collector shall receive as full compensation for his services in collecting the revenue, except back taxes, the following commission and no more. . . . .

"XII. In all counties or cities wherein the total amount of all such taxes and licenses levied for any one year exceeds one million dollars, the collector of revenue shall receive, collect and retain as full compensation for his services for collecting all revenue and other dues which he is authorized to collect, belonging to the state, school, county and city, the following commissions, viz.: On current and tax revenues

as follows: On all sums collected up to and including eighty per cent of the total amount of such tax bills placed in his hands, one-half of one per cent commission; on all sums collected over eighty per cent and up to and including ninety-five per cent, one per cent commission; on all sums collected over ninety-five per cent, two per cent commission. On licenses and all other dues, except delinquent and back taxes, collected in any one year, as follows: When the amount collected for the city aggregates eight hundred thousand dollars, or less, two and one-half per cent commission; on all licenses and other dues collected for the city in excess of eight hundred thousand dollars, four per cent commission; on all such licenses collected for the State, three per cent commission."

The commissions of the defendant as collector are to be determined by the foregoing provisions of this paragraph of the section, and the main question in the case is: What commission is the collector entitled to for revenue collected by him for the school board, on the amount of goods, wares and merchandise, returned by merchants and manufacturers, pursuant to the laws of the State relating to merchants' and manufacturers' licenses?

Counsel for plaintiff contend that he is to be compensated at the rates provided for "on current and tax revenues," while the collector in fact retained, and his counsel contends that he is entitled to commissions at the rates provided for "on licenses and all other dues."

In support of plaintiff's contention it is argued that, as the tax which is to be levied and collected for the school board is a property tax, and as the tax which is levied and collected under the laws of this State from merchants and manufacturers has been held by this court, in a number of cases cited, to be a property tax, that it comes within the term "current tax revenues" rather than within the term "licenses" as used in this statute. We leave out the word

"and" in the former term, for the reason that in the original act the paragraph read "on current and railroad tax revenues." [Laws 1879, p. 94, sec. 1, par. 12; R. S. 1879, sec. 6785, par. 12.] This reading was carried into the amendment, of this section, of 1881. [Laws 1881, p. 187, sec. 1, par. 12.] But in the amendment, of this section, of 1883, without any direct authority therefor in the enacting clause, the word "railroad" was left out. [Laws 1883, p. 145, sec. 1, par. 12.] And so it was carried into the revision of 1889. But as this chapter was not revised in that year, no significance is to be attached to that fact, and we are remitted to the reading of 1883. Whether the word "railroad" was thus omitted intentionally, or accidentally, or whether it should be read into the sentence or left out, is a matter of no importance in the present inquiry, but without it the word "and" evidently has no significance in the sentence, and its presence or absence would not vary the terms "current tax revenues" as the text for the present inquiry.

There are then two classes of revenue for the collection of which the collector is to be compensated by commission on the amount collected "current tax" revenues, and "license" revenue. The subject-matter of section 7640, Revised Statutes 1889, is that of compensation. The antecedent of the phrase "all such taxes and licenses" in the 12th paragraph, and reiterated in each one of the other twelve paragraphs, is to be found in the first paragraph, which reads as follows: "In each county in this State wherein the whole state, county, bridge, road, school and all other local taxes, including merchants' and dramshop licenses, assessed and levied for one year, amount to five thousand dollars, or less, a commission of ten per cent on the amount collected."

In this, and the following eleven paragraphs, the two classes are recognized in combination, as also, in the first clause of the twelfth, reading into which, the antecedent for its relative "all such taxes and licenses," we have that clause

reading as follows: "In all counties and cities wherein the total amount of state, county, bridge, road, school and all other local taxes, including merchants' and dramshop licenses, levied for any one year, exceeds one million dollars, etc." Then follow, the two clauses in question, by which these two classes are separated for the purpose of fixing the rate of commission for the collection of each, and thus we have a rate fixed in the latter clause for the collection of all taxes, such as "merchant license" taxes, and in the former a rate fixed for the collection of all other state and county taxes appropriately designated as "current tax revenues."

By the laws of this state two methods are and always have been provided and employed, for the collection of state and county taxes, which for the sake of brevity may be denominated, "Tax Books" or "Bills," and "Licenses." The taxes designated in the section by the term "current tax revenues" are collected by the former and the taxes on the stock in trade of merchants and manufacturers by the latter. The services required in the collection of each are different in kind and character.

Now it is to be remembered, that in the section of the statute under consideration the subject in the mind of the legislature was not the character of a tax to be levied, as it might prove to be on its last analysis. But services to be rendered in the collection of all taxes levied, and the object to provide compensation for those services, whether upon such analysis the taxes should prove to be property taxes, occupation taxes, or what not. And the only distinction necessary to be made was that growing out of the difference in the services required and to be rendered in the collection of each. Upon this basis of service, the proper and appropriate one for the purpose of compensation, the commissions of the collector are classified, whereby he is to receive commissions at certain rates upon all taxes collected by means of

VOL. 156 mo—21

"tax bills" and certain other rates upon all taxes collected by means of "licenses." Under this classification made for this purpose, and this purpose only, the defendant as collector was entitled to the commission which he retained, as was in effect ruled by the judgment of the circuit court.

It is suggested in the argument of counsel for defendant, that the law has always been thus construed by the officials charged with its execution, and that the license rates provided are essential to the efficient collection of this class of taxes, and it is also contended in the same behalf that if the construction was as contended for by counsel for the plaintiff, yet the commissions retained, having been included and accounted for in the collector's settlements made in pursuance of law with the auditing officers of the board and of the city, a recovery would be thereby precluded. But as the conclusion reached on the face of the law is satisfactory and decisive of the case, these matters need not be gone into.

The judgment of the circuit court is affirmed. All concur, except *Marshall, J.*, not sitting.