DARBY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

|156 391|
|f156 388|
|156 391|
|102a 449|

### Division One, June 12, 1900.

**Damages: CONTINUOUS WRONG: ONE COUNT.** Where the damage to plaintiff's corn done by hogs which entered plaintiff's field through defendant's defective fence between the first of June and the first of December, is the result of a continuous wrong, and the damage is not susceptible of division either as to quantum or date, it is proper to permit a recovery of the whole damage in one count.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

This suit was a mingling together of a number of indefinite causes of action, if any existed, arising between June 1 and December 1, 1896. It was error to permit a "lumping" proof of and recovery upon a number of distinct causes of action.

*Major & Pritchett* for respondent.

The measure of damages not only included the injuries from stock escaping on to the field the day before the first of December, nor were such damages limited to the preceding month, nor the preceding two, three, four or six months, but all such damages as resulted to plaintiff between the first of June and the first of December, 1896, were the items then properly recoverable in that action. Steiglider v. Railroad, 38 Mo. App. 511.

BRACE, P. J.—This is an action for double damages, under section 2611, Revised Statutes 1889, commenced be-

fore a justice of the peace in Howard county, taken thence by appeal to the Howard Circuit Court, where the plaintiff had judgment for $60, double the value of corn destroyed by hogs entering his inclosed field from defendant's adjoining right of way, between the first of June and the first of December, 1896, by reason of defendant's defective fence. The case reached this court by appeal in the same manner and for the same reasons as the case of Kingsbury v. Railroad, 156 Mo. 379; in the opinion in which, all the questions raised in this case are disposed of adversely to defendant's contention, except one, as to which it is only necessary to say that:

(1) The wrong complained of and proven in this cause, was the failure of defendant to maintain its fence as required by the statute during the period aforesaid. The damages proven was the injury to plaintiff's crop of corn by incursions of hogs at divers times during that season. The damage was continuous with the wrong, not susceptible of division, either as to quantum or date, and the court did not err in permitting a recovery of the whole damage in one count. [Steiglider v. Mo. Pac. Ry. Co., 38 Mo. App. 511.] And this point must also be ruled against the defendant.

The judgment of the circuit court is affirmed.

All concur.